**James E. SMITH, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 484S120.**

Supreme Court of Indiana.

Dec. 5, 1985.

Susan K. Carpenter, Public Defender of Ind., Sheila K. Swickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) appeals the sentences that he received after pleading guilty to charges of Rape, a class A felony, Ind.Code § 35–42–4–1 (Burns Code Ed.1984 Supp.) and Criminal Confinement, a class B felony, Ind.Code § 35–42–3–3 (Burns Code Ed.1984 Supp.). The trial court enhanced the basic rape sentence by twenty (20) years and sentenced the Defendant to fifty (50) years imprisonment, the maximum sentence for a class A felony, Ind.Code 35–50–2–4 (Burns 1979 Repl.). The trial court also enhanced the sentence for criminal confinement by ten (10) years and sentenced the Defendant to twenty (20) years imprisonment, the maximum sentence for a class B felony, Ind.Code 35–50–2–5 (Burns 1979 Repl.). The sentences are to be served concurrently.

Defendant argues that these sentences are unreasonable. He actually raises three sub-issues within this argument:

1. That the trial court failed to make adequate findings to support enhanced sentences.

2. That the trial court utilized improper criteria to support its decision.

3. That the trial court gave inadequate consideration to mitigating factors.

We affirm.

Ind.Code § 35–4.1–4–3 [(35–50–1A–3), Burns 1979)] provided:

"Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present information in his own behalf. The court shall make a record of the hearing, including:

(1) A transcript of the hearing;

(2) A copy of the presentence report; and

(3) If the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes."

[Repealed by P.L. 311–1983 § 3; *For current law see* Ind.Code § 35–38–1–3 (Burns 1985.)]

■ In regard to subsection 3(3), if a trial court exercises its discretion to enhance the basic sentence for a crime, it must make a statement of its reasons for selecting the sentence. *Page v. State* (1981), Ind., 424 N.E.2d 1021, 1022. Mere repetition of the statutory criteria for aggravating circumstances does not satisfy the statute's requirements. Such statements are legal conclusions and we must be told of the facts found in support of those conclusions to enable us to perform our function of reviewing the trial court's discretion. *Page,* 424 N.E.2d at 1023. Of course, the trial court's reasons must be supported by the record. *Id.*

In the case at bar, the trial court made the following statements at the sentencing hearing:

"Alright [sic], Mr. Smith, the Court has reflected on this Pre-Sentence Investigation and I recall the—the facts to which you testified in the—at your guilty plea and I have, as I said, gone over the facts involved in this case. The Court is struck by the indiscriminate nature of this offense and by the total disregard for the life and safety of others involved in this case, not only the victim but the victim's son, and I find that the aggravated circumstances in this particular crime to outweigh the mitigating circumstanc-

es. In fact, I can find nothing mitigating in this matter except your age. There is no doubt in my mind that an individual who can commit a crime of this magnitude and total disrespect for the safety of other people is in need of correctional or rehabilitative treatment that can best be provided by your commitment to a penal facility, and there is no question in my mind but that imposition of a reduced sentence or suspension of sentence and imposition of probation would depreciate the seriousness of this crime. I also recall that there was some physical damage in this case as a result of your—the commission of this crime. Therefore, I'm going to sentence you to the Indiana Department of Correction on the charge of Rape to a term of 50 years and I'm going to sentence you on the charge of Confinement to the Indiana Department of State Correction for a term of 20 years, the two charged [sic] to be served concurrently. You will be assess [sic] Court costs in this matter. That concludes the Hearing [sic]."

The criteria for sentencing, Ind.Code 35–4.1–4–7 [repealed by P.L. 311–1983 § 49; For current law see Ind.Code 35–38–1–7 (Burns 1985) ] read:

"*Criteria for sentencing.* (a) In determining what sentence to impose for a crime, the court shall consider the risk that the person will commit another crime, the nature and circumstances of the crime committed, and the prior criminal record, character, and condition of the person.

(b) The court may consider these factors as mitigating circumstances or as favoring suspending the sentence and imposing probation:

(1) The crime neither caused nor threatened serious harm to persons or property, or the person did not contemplate that it would do so.

(2) The crime was the result of circumstances unlikely to recur.

(3) The victim of the crime induced or facilitated the offense.

(4) There are substantial grounds tending to excuse or justify the crime, though failing to establish a defense.

(5) The person acted under strong provocation.

(6) The person has no history of delinquency or criminal activity, or he has led a law-abiding life for a substantial period before commission of the crime.

(7) The person is likely to respond affirmatively to probation or short-term imprisonment.

(8) The character and attitudes of the person indicate that he is unlikely to commit another crime.

(9) The person has made or will make restitution to the victim of his crime for the injury, damage, or loss sustained.

(10) Imprisonment of the person will result in undue hardship to himself or his dependants.

(c) The court may consider these factors as aggravating circumstances or as favoring imposing consecutive terms of imprisonment:

(1) The person has recently violated the conditions of any probation, parole, or pardon granted him.

(2) The person has a history of criminal activity.

(3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

(4) Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.

(5) The victim of the crime was sixty-five [65] years of age or older.

(6) The victim of the crime was mentally or physically infirm.

(d) The criteria listed in subsections (b) and (c) of this section do not limit the matters that the court may consider in determining the sentence."

Defendant argues that the trial court merely repeated subsections (c)(3) and (c)(4) of section 7 and alluded to "some physical damage" as an aggravating factor. Defendant alleges that neither the informa-

tion nor the factual basis for his plea supports a finding of serious bodily injury. He also implicitly contends that the use of a knife cannot be used to support an enhanced sentence because the use of a weapon is an element of rape as a class A felony. *Green v. State* (1981), Ind., 421 N.E.2d 635, remand 424 N.E.2d 1014.

■ First, we perceive additional reasons for enhancement in the trial court's statement. The trial court mentioned "the indiscriminate nature of the (sic) offense" and "the total disregard for the life and safety of others involved in this case, not only the victim but the victim's son." Then, as Defendant pointed out, the trial court recalled "that there was some physical damage in this case as a result of your—the commission of this crime."

The trial court could have stated its reasons more explicitly and with more references to the underlying facts. Nevertheless, the trial court's findings are minimally adequate to sustain its decision and they do afford a basis for our review. The record contains the following facts that support the trial court's findings.

On March 5, 1981, the victim and her three year old son went to a shopping center. While they were shopping, Defendant entered her car and hid under some clothes. He was armed with a knife. The victim and her son returned to the car and drove away from the shopping center. After a short time, Defendant rose from the back seat, placed his knife in front of the victim and ordered her to park the car. She obeyed. Defendant pushed her into the passenger seat and he took control of the car. Then he drove the victims to a condominium development, where he told the victim to have sexual intercourse with him and threatened her with his knife. The victim refused and the Defendant poked her with the knife, thereby causing her injury, and struck her on the shoulder. Defendant told the victim to put her son outside the car. The victim continued to resist and told the Defendant she would not submit while he still held the knife. He responded that he would put down the knife if she put her son in the back seat. She did so and he placed the knife outside the car. The victim removed her pants, and Defendant also undressed and had intercourse with the victim. After a few minutes, Defendant told the victim to remove her blouse and bra, and being in fear of him, she obeyed.

After the act of sexual intercourse, Defendant drove to a nearby area and discussed killing the victim. However, he decided to let her go but to take her car. He released the victim and her son and he took the car.

After his arrest, Defendant told police that he had purchased the knife on the day these crimes occurred in anticipation of stealing a car.

This evidence clearly supports the trial court's findings that Defendant totally disregarded the safety of others, including the victim's young son, that the crimes were indiscriminate in nature, and that there was physical harm to the victim. In turn, these findings support the trial court's legal conclusions that Defendant is in need of correctional or rehabilitative care provided by a penal facility and that lesser sentence would depreciate the seriousness of the crimes. The trial court did not merely recite the statutory criteria.

■ Because there is evidence of physical injury to the victim, the Defendant's argument that the use of a knife cannot be used as an aggravating factor is erroneous. As charged, the elements of rape included "by using force and while armed with a deadly weapon." The elements of confinement included "by threat of force, and while armed with a deadly weapon, to wit: a knife." The informations did not allege injury to the victim. Therefore, the enhancement was not predicated upon factors that were elements of the crimes, but upon an additional factor, actual injury to the victim. We also note that physical injury was not the only aggravating factor found and that even without a finding that an injury was inflicted, the remaining factors

would support enhancement of the sentences.

## ISSUE II

Relying on the dissent in *McNew v. State* (1979), 271 Ind. 214, 391 N.E.2d 607 (Prentice, J., dissenting), Defendant argues subsection (c)(4) of Ind.Code § 35–4.1–4–7 cannot be used to enhance a sentence, but instead can only be used to deny probation or to deny reduction of a basic sentence. However, assuming the correctness of the dissenter's position in *McNew*, this subsection does not warrant reversal in the case before us. The trial court also concluded Defendant is in need of correctional or rehabilitative care in a penal institution. This conclusion is supported by the facts, and standing alone, it would support enhancement of the sentences.

## ISSUE III

Finally, Defendant argues the trial court failed to give proper consideration to mitigating factors, in addition to his age, including: 1) his lack of a prior criminal record; 2) his feelings of remorse; 3) his limited intellectual ability; and 4) his prior psychiatric counselling.

A trial court has broad discretion to consider and weigh mitigating circumstances. *Cary v. State* (1984), Ind. 469 N.E.2d 459. Furthermore, Ind.Code § 35–4.1–4–7 does not require a trial court to consider mitigating factors. Rather, it merely permits it to do so and to determine what may constitute mitigating factors in a particular case.

Here, the trial court gave more weight to aggravating factors and also found the Defendant's age to be the only mitigating factor, notwithstanding that the other points Defendant has raised were presented to it. We cannot say the trial court abused its discretion, given the circumstances of this case. *Cary v. State, supra.* Likewise, we do not find the sentences to be manifestly unreasonable. Ind. R.App.Rev.Sen. 2.

The judgment is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.