**Thomas WHITE, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 86A03–8906–CR–231.**

Court of Appeals of Indiana,
Third District.

Oct. 12, 1989.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

White was convicted of confinement while armed, a Class A felony, rape while armed, a Class A felony, and deviate conduct while armed, a Class B felony. The evidence at trial established that White forced his way into the victim's car in a shopping mall. He held a knife to her and ordered her to drive to an outlying area. He then raped her and forced her to perform fellatio. The evidence reasonably supports the inference that White had the open knife in his possession while the acts of rape and deviate conduct were being committed.[1]

White's sole argument on appeal is that the court violated the prohibition against double jeopardy by enhancing the level of each felony on the basis that he was armed. In support of this contention he cites

Bevill v. State (1985), Ind., 472 N.E.2d 1247; Malott v. State (1985), Ind., 485 N.E.2d 879; Flowers v. State (1985), Ind., 481 N.E.2d 100 and King v. State (1988), Ind., 517 N.E.2d 383.

In each of those cases our supreme court held it impermissible to sentence the defendant to the higher class of the felonies of burglary, robbery or rape based upon the factor of causing bodily injury or serious bodily injury [2] when the defendant was separately convicted and punished for murder or attempted murder based upon the same injury to the victim. The court concluded that constituted double punishment for the infliction of a single injury, or single set of multiple injuries. We have no quarrel with those decisions.

Additionally, we recognize that our Second District has recently extended the prohibition to apply where a defendant was convicted of both the enhanced (injury) version of robbery and burglary based upon the same set of bodily injuries to the victim. Abercrombie v. State (1989), Ind. App., 543 N.E.2d 407.

Even so we find those decisions critically distinct from the instant facts. As the court noted in Bevill, supra, analogizing from the rule prohibiting punishment for both intentional murder and felony murder based upon the same homicide: "There was only one quick and confined multiple stabbing. Appellant cannot be punished twice for it." 472 N.E.2d at 1254.

That sameness does not exist here. The element causing the elevation of White's offenses was not the act of harming someone. It was the threat of harm from a deadly weapon. That threat occurred during each of the offenses for which White was convicted and as such was properly punishable. The threats from the weapon were as distinct as if he had robbed a grocery in the morning, raped a victim in the afternoon, and abducted a child in the

---

1. While there was no express testimony concerning the knife during the rape and fellatio, the victim testified to its use in the car, that she felt it against her side when White removed her from the car to commit the other acts, and that

when they returned to the car he folded the knife and put it in his pocket.

2. See respectively IC 35–43–2–1; IC 35–42–5–1; and IC 35–42–4–1.

evening, using the same shotgun to threaten each separate victim.

There was no error.

Affirmed.

STATON and BUCHANAN, JJ., concur.