**James R. SMITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A05–9208–PC–277.**

Court of Appeals of Indiana,
Fifth District.

March 25, 1993.
Transfer Denied May 7, 1993.

Susan K. Carpenter, Public Defender, Jodi Uebelhack, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

In 1981, James Smith pleaded guilty to charges of rape, a class A felony and confinement, a class B felony, for which he received concurrent sentences of fifty and twenty years. Smith's sentence was affirmed by the Indiana Supreme Court. *Smith v. State* (1985), Ind., 485 N.E.2d 898. By way of a petition for post-conviction relief, Smith now raises the following issues:

I. Whether he was denied effective assistance of counsel;

II. Whether the court improperly used the same factor to elevate both the rape and the confinement convictions to higher class felonies; and

III. Whether Smith's guilty plea was knowing and intelligent where the court did not properly advise him regarding the maximum penalty.

The post-conviction court denied the petition, finding that Smith failed to meet his burden of proving ineffective assistance of counsel and that any further attacks on his

sentence had been waived by virtue of his direct appeal to the supreme court.[1]

We affirm.

## FACTS

The facts of this case as reported by the supreme court are: Smith, armed with a knife, hid in his victim's parked car while she and her young son were shopping. After they returned to the car and drove away from the shopping center, Smith rose from his hiding place in the back seat, showed the victim the knife, and ordered her to park the car. Once the car was parked, Smith forced the victim into the passenger seat and took control of the car. He drove the victim to a nearby condominium development and ordered her to have sexual intercourse with him. The victim refused and Smith poked her with the knife and struck her on the shoulder. Smith told her to put her son outside the car. The victim continued to resist and told Smith she would not submit while he still held the knife. He agreed to put down the knife if she put her son outside the car. Smith then raped the victim after she put her son outside and he put down the knife. Smith drove the victim and her son to a nearby area and let them go. *Smith*, 485 N.E.2d at 901.

## STANDARD OF REVIEW

■ The burden was on Smith to prove his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post Conviction Rule 1, § 5; *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. The judge presiding over the post-conviction hearing possesses exclusive authority to weigh the evidence and to judge the credibility of the witnesses. *Stewart*, 517 N.E.2d 1230. This court will set aside the trial court's decision only if the evidence is without conflict and leads solely to a result opposite to that reached by the judge presiding over the post-conviction relief hear-

ing. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385.

## ASSISTANCE OF COUNSEL

■ In general, in order to show ineffective assistance of counsel, the defendant must show 1) that counsel's performance was deficient; and 2) that the deficient performance prejudiced the defendant. *Burse v. State* (1987), Ind., 515 N.E.2d 1383, 1385, (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). When a claim of ineffective assistance arises from a plea of guilty, instead of showing prejudice, the defendant must show that there is a reasonable probability that he would not have pleaded guilty but for counsel's error. *Burse*, 515 N.E.2d at 1385–86, (citing *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203).

■ Smith has failed to meet this burden. He argues counsel was ineffective because he did not file motions for discovery and he did not take any depositions before the guilty plea hearing. He cites *Smith v. State* (1991), Ind.App., 565 N.E.2d 1114, *reh'g denied, trans. denied*, to support this argument.

Erwin Smith pleaded guilty to burglary and theft five years after the incidents allegedly occurred. His trial counsel was found ineffective for not conducting discovery where it was later learned that the victims were unavailable for trial. Because Erwin Smith was ignorant of this fact due to his counsel's failure to conduct discovery, Smith's guilty plea could not have been knowing, voluntary and intelligent.

The circumstances here are very different from those presented in *Smith*. Here, James Smith confessed to rape and confinement. Counsel investigated the case by interviewing Smith, his mother and the investigating officer. It was counsel's opinion "that in view of the confession and the record, that there was, that there was little hope in a verdict other than guilty." (R.

---

1. We note that all of the issues raised by Smith in his petition for post-conviction relief were available to him on direct appeal (appellate counsel was not the same as his trial counsel).

However, the State did not raise the defense of waiver to the post-conviction court and has therefore waived this defense. *Owensby v. State* (1990), Ind.App., 549 N.E.2d 407.

268). Further, unlike Erwin Smith, James Smith is unable to point to any fact which, had he known, would have caused him to plead not guilty.

■ Smith also argues that counsel was ineffective for waiving Smith's competency hearing. Counsel requested a competency hearing which was set for March 18, 1981. There is no record of a hearing being held on this date; however, the guilty plea hearing was held on April 28, 1981. Before the plea hearing began, the court informed Smith that it had received letters from both of the doctors who had examined Smith and had found him competent. The court then asked Smith if he wished to "pursue the matter" to which Smith responded no. (R. 210). Thus, Smith waived the competency hearing and may not now claim his counsel was ineffective for doing so. Further, Smith has not shown that he was prejudiced by this alleged error.

■ Smith argues counsel did not adequately argue mitigating circumstances at the sentencing hearing because counsel: 1) did not call members of his family to testify; 2) did not point out to the court that Smith had a history of mental illness; and 3) did not argue that Smith had not had any "previous trouble" with the police.

Smith's arguments fail. Firstly, Smith does not state what additional information his family members would have supplied to the sentencing court. Secondly, counsel asked the court to consider Smith's "mental ability" and the fact that he had received treatment in California for mental health problems. Smith does not say what additional details of his mental health history should have been disclosed to the court. Finally, Smith argues that instead of telling the court he had no prior felony convictions, counsel should have stated that he had no previous trouble. However, Smith's pre-sentence report, which the court had before it, stated that Smith had no "previous trouble." Therefore, the court was informed of this fact.

## DOUBLE JEOPARDY

■ Smith argues that the prohibition against double jeopardy was violated because he was sentenced for rape as a class A felony (as opposed to a class B felony) and for confinement as a class B felony (as opposed to a Class C), based on his use of a knife while committing both crimes. Rape is a class A felony if it is committed while armed with a deadly weapon, or if it results in serious bodily injury to any person other than a defendant. Ind.Code 35–42–4–1. Smith was charged with having sexual intercourse with the victim by using force and while armed with a deadly weapon, to wit: a knife. (R. 11). Confinement is a class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person. I.C. 35–42–3–3. Smith was charged with confinement by threat of force and while armed with a deadly weapon. (R. 10).

We note that the propriety of Smith's sentence has already been addressed and affirmed by the supreme court. *Smith*, 485 N.E.2d at 898. Smith did not, however, raise this issue to the supreme court. Therefore, we will decline the State's invitation to dispose of this issue by finding *res judicata*.

Smith cites *Bevill v. State* (1985), Ind., 472 N.E.2d 1247, *reh'g denied*, and *Lyles v. State* (1991), Ind.App., 576 N.E.2d 1344, *reh'g denied, trans. denied*, in support of his argument. Bevill entered his victim's apartment when she was not at home. When she returned, Bevill approached her, brandishing a knife. She escaped, and Bevill chased after her. He then stabbed her twenty-seven times before running away. Bevill was charged with burglary as a Class A felony because he "unlawfully and feloniously inflicted bodily injury on his victim." *Bevill*, 472 N.E.2d at 1253. The information for attempted murder alleged Bevill attempted to kill the victim by "touching, striking, cutting and stabbing her with a knife." *Id.* The evidence showed that Bevill inflicted injury on the victim only once; therefore, according to the court, the convictions for attempted murder and for class A burglary could not stand because both were based upon and sought to impose punishment for the same injury. *Id.* at 1254. Therefore, the court

remanded for sentencing on attempted murder and class B burglary. In so holding, the court noted that a person may not be punished twice for a single offense arising from one set of circumstances. In other words, the serious bodily injury was inflicted during the commission of only one crime, attempted murder, and could not be used to support a conviction for another, class A burglary.

Citing *Bevill*, the court in *Lyles*, 576 N.E.2d 1344, held that Lyles' convictions for battery with a deadly weapon, a class C felony, and intimidation by use of a deadly weapon, a class C felony, could not stand. Lyles entered his victim's apartment while she was in the bathroom curling her hair. He yanked the curling iron out of her hair, taking some hair with it. He then struck her in the stomach several times. When she tried to fight back, he grabbed her and stabbed her over forty times with a box cutter. While holding a knife to her throat, he threatened to cut her throat for filing reports of sexual harassment charges against him. Lyles argued on appeal that the convictions for both battery with a deadly weapon and intimidation with a deadly weapon could not stand because both were based on the use of the same weapon. The court held that the same use could not be utilized to enhance both charges.

The court in *White v. State* (1989), Ind. App., 544 N.E.2d 569, *trans. denied,* also relied on *Bevill* to reach a result different from that in *Lyles*. White forced his way into the victim's car. He held a knife to her and ordered her to drive to an outlying area, where he raped her and forced her to perform fellatio. White was convicted of confinement while armed, a class A felony, rape while armed, a class A felony and deviate conduct while armed, a class B felony. On appeal, White argued that the prohibition against double jeopardy had been violated by enhancing the level of each felony because he was armed. In rejecting this argument, the court distinguished *Bevill*, noting that double jeopardy occurred in *Bevill* where the defendant was punished twice for a single injury. White,

however, committed three separate crimes while armed. The court stated:

> The element causing the elevation of White's offenses was not the act of harming someone. It was the threat of harm from a deadly weapon. That threat occurred during each of the offenses for which White was convicted and as such was properly punishable. The threats from the weapon were as distinct as if he had robbed a grocery in the morning, raped a victim in the afternoon, and abducted a child in the evening, and using the same shotgun to threaten each separate victim.

*White*, 544 N.E.2d at 570–71.

The circumstances presented in *White* are very similar to those presented here, and we agree with the logic employed in *White*. Double jeopardy occurred in *Bevill* because there was one instance of bodily injury; therefore, the same bodily injury could not be used to support convictions for two crimes. Here, however, as was the case in *White*, the use of a weapon occurred during the commission of separate and distinct crimes. Smith committed two separate crimes while armed with his knife; therefore, he was not placed in double jeopardy.

## GUILTY PLEA

Smith argues that his guilty plea was not knowing, intelligent and voluntary because he was not properly informed of the maximum sentence. He argues that because of the double jeopardy problem discussed above, the maximum sentence that he could have received was fifty-four years; however, the judge advised him the maximum sentence could be seventy years. This argument fails because, as already determined, there was no double jeopardy here.

Smith was properly informed. The maximum penalty for a Class A felony is fifty years, I.C. 35-50-2-4, and the maximum for a class B felony is twenty years. I.C. 35-50-2-5.

The denial of Smith's petition for post-conviction relief is affirmed.

FRIEDLANDER, J., concurs.

RUCKER, J., concurs with opinion.

RUCKER, Judge, concurring.

I agree with the majority that the trial court properly denied Smith's petition for post-conviction relief. However, I do not fully agree with the majority's determination concerning Smith's claim of ineffective assistance of counsel.

Two days after Smith was charged with rape as a Class A felony and confinement as a Class B felony, counsel entered his appearance in this case. A month and a half later, with assistance of the same counsel, Smith pled guilty without a plea agreement. He received the maximum sentence on both charges. Trial counsel did not request discovery, deposed no witnesses, made no attempt to suppress Smith's pretrial statement, and apparently made no effort to negotiate an agreement with State. This conduct is deficient and unacceptable. Counsel has a duty and responsibility to defend his client zealously within the bounds of law. That counsel was of the opinion "there was little hope in a verdict other than guilty" did not excuse him from at least exploring reasonable avenues of defense.

In my view, Smith has carried his burden of demonstrating that counsel's representation fell below an objective standard of reasonableness. However, in the context of guilty plea proceedings, the familiar two-pronged test for evaluating claims of ineffective assistance of counsel articulated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 is slightly modified. Namely, the petitioner must not only show that his counsel's representation fell below an objective standard of reasonableness, he must also show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. I agree with the majority that Smith has failed to carry his burden on the second prong of the test.

For the foregoing reasons I concur.