**Robert Lee BROWN, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 10A04–9309–PC–354.[1]**

Court of Appeals of Indiana, First District.

April 28, 1994.

Transfer Denied June 24, 1994.

1. This case was diverted to this office on February 22, 1994, by direction of the Chief Judge.

Susan K. Carpenter, Public Defender, Jodi Uebelhack, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Appellant-defendant Robert Lee Brown challenges the post-conviction court's denial of relief from his elevated sentences for Robbery,[2] a Class B felony, and Criminal Confinement,[3] a Class B felony. He also contests the habitual offender determination.

### FACTS

On January 11, 1984, Brown robbed a convenience store in Jeffersonville, Indiana. Armed with a knife, Brown ordered an employee to give him the money from the cash register. Still armed with the knife, Brown forced the employee to an office in the rear of the store. He locked her in the office and then fled. Brown was subsequently convicted of armed robbery and confinement and found to be an habitual offender. The trial court enhanced both sentences to Class B felonies because they were committed with a deadly weapon. Our supreme court upheld Brown's convictions and sentences. *Brown v. State* (1986), Ind., 497 N.E.2d 1049.

In 1990, Brown sought post-conviction relief, contending that 1) the habitual offender enhancement is faulty because of a) the relatedness of the prior felonies, and b) variances between the pleading and proof of the prior felonies, 2) he was subjected to double jeopardy because both felonies were elevated by the same aggravating factor—armed with a deadly weapon, and 3) he did not receive effective assistance of counsel from his trial/appellate counsel. The post-conviction court entered detailed findings of fact and

---

2. IND.CODE 35–42–5–1.

3. IND.CODE 35–42–3–3.

conclusions of law rejecting all of Brown's arguments.

## DISCUSSION AND DECISION

### I. Double Jeopardy

■ Brown contends that he was subjected to double jeopardy when both convictions were elevated to Class B felonies on the basis that he was armed with a deadly weapon. Although this issue was not raised upon direct appeal, it is not waived because if shown, a sentencing error denying due process constitutes fundamental error. *See Spaulding v. State* (1989), Ind.App., 533 N.E.2d 597, 603, *trans. denied.*

Brown relies upon *Bevill v. State* (1985), Ind., 472 N.E.2d 1247. There, Bevill was charged with burglary as a Class A felony due to the serious bodily injury to the victim. *Id.* at 1253. Bevill was also charged with attempted murder for the same injurious attack. *Id.* Because Bevill inflicted injury only once, the two convictions improperly sought to impose punishment for the same injury. *Id.* at 1254. In sum, the *Bevill* court held that a defendant may not be punished twice for serious bodily injury inflicted once during the commission of crimes.

■ We have refused to extend *Bevill* to cases elevating offenses committed while armed. *See Barker v. State* (1993), Ind.App., 622 N.E.2d 1336, 1338 (rape, criminal deviate conduct, and robbery, all elevated because armed); *Smith v. State* (1993), Ind.App., 611 N.E.2d 144, *trans. denied* (Class A felony rape and Class B felony confinement, both elevated for use of a knife); *White v. State* (1989), Ind.App., 544 N.E.2d 569, *trans. denied* (confinement, rape, and criminal deviate conduct; all elevated because armed). These cases are distinguishable from *Bevill* because the threat of harm, which caused the elevation of the felonies, was distinct during the commission of separate offenses; whereas in *Bevill,* the elevation of offenses was based upon one instance of bodily injury. *Smith,* 611 N.E.2d at 148; *White,* 544 N.E.2d at 570–71; *but see Lyles v. State* (1991), Ind.App., 576 N.E.2d 1344, *trans. denied.* Following *Smith* and *White,* we do not find that Brown was placed in double jeopardy because he committed two separate crimes while armed with his knife.

### II. Habitual Offender Enhancement [4]

Specifically, Brown argues that the habitual offender enhancement is invalid because the four alleged prior felonies were not unrelated. Initially, we observe that Brown failed to raise this issue in his direct appeal and therefore, it is waived. *See Steelman v. State* (1992), Ind.App., 602 N.E.2d 152, 159, n. 3. To avoid waiver, Brown asserts that

---

**4.** We notice that Brown argued to the post-conviction court that the evidence was insufficient to prove that he was an habitual offender because of the variances between the prior felonies as alleged in the information and the proof presented at the hearing. Brown makes no argument to this court on this issue and only refers to it once in his brief. *See* Appellant's Brief at 19. As a result, he has waived the issue. However, because this issue questions the propriety of the use of certain prior felonies to meet the habitual offender determination and affects the habitual offender issue Brown does raise, we address it.

The information charged that Brown had committed four prior felonies in Kentucky:

| | committed | sentenced |
|---|---|---|
| # 1 Armed Robbery | 2/15/74 | 3/3/77 |
| # 2 Robbery | 2/19/74 | 7/25/74 |
| # 3 Escape | 10/20/74 | 11/16/78 |
| # 4 Robbery I | 11/17/75 | 3/3/77 |

The post-conviction court recognized two variances between the pleading and the proof at the hearing. First, the information alleged that # 3 was committed on October 20, 1974 when actually it had occurred on October 20, 1975. Second, the information alleged that Brown was sentenced on # 4 on March 3, 1977. However, that conviction was reversed on appeal. On remand, Brown pled guilty to that offense and was sentenced on May 22, 1978. We agree with the post-conviction court that these variances were insubstantial and immaterial. Reversible error exists only where the defendant was misled and thereby prejudiced in the preparation and maintenance of his defense. *Martin v. State* (1988), Ind., 528 N.E.2d 461, 465. Brown failed to even allege that the variances misled him to suffer any prejudice. *See id.* (variance between specific offense cited in the information and that shown at the hearing); *Harmon v. State* (1988), Ind., 518 N.E.2d 797, 798 (variances between dates of prior convictions in information and those proven at hearing). In this regard, sufficient evidence of Brown's four prior felonies was shown.

the habitual offender issue constitutes fundamental error and that he received ineffective assistance of counsel for failing to raise the issue. *See id.* (ineffectiveness); *Bauer v. State* (1992), Ind.App., 591 N.E.2d 564, 565 (fundamental error).

To sustain an habitual offender enhancement, the State must demonstrate that the defendant was twice convicted and twice sentenced for prior felonies. *Clark v. State* (1992), Ind.App., 597 N.E.2d 4, 12. IND. CODE 35–50–2–8(b) requires that the prior felonies be "unrelated." This requirement means that the commission of the second offense was subsequent to the sentence upon the first offense. *Id.*

At the habitual offender hearing, the evidence showed that Brown had accumulated the following prior felonies:

|  | committed | sentenced |
|---|---|---|
| # 1 Armed Robbery | 2/15/74 | 3/3/77 |
| # 2 Robbery | 2/19/74 | 7/25/74 |
| # 3 Escape | 10/20/75 | 11/16/78 |
| # 4 Robbery I | 11/17/75 | 5/22/78 |

Brown claims the post-conviction court erred in finding only that # 1 and # 2 were related and # 3 and # 4 were related. He is correct that # 1 was an ineligible conviction for habitual offender purposes since he was not sentenced until 1977, which makes # 1 related in time to the other three felonies. Citing *Fozzard v. State* (1988), Ind., 518 N.E.2d 789, Brown contends this error requires reversal. We disagree.

As the post-conviction court noted, the State may plead and prove more than two prior unrelated felonies. *Waye v. State* (1991), Ind., 583 N.E.2d 733, 734. Generally, the additional convictions are deemed harmless surplusage. *Id.* However, where more than two felonies are presented and one or more of them do not meet statutory criteria, a retrial of the habitual offender allegation is usually required. *Nash v. State* (1989), Ind., 545 N.E.2d 566, 568. The cases on this issue line up on two sides.

■ On one hand, Indiana courts have ordered retrial of the habitual offender determination where a general verdict was returned and it could have rested upon an ineligible prior conviction. *Id.* *Fozzard,* upon which Brown relies, cites *Wells v. State* (1982), Ind., 437 N.E.2d 1333, and *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339, as controlling. Those cases contained general verdicts, and our supreme court followed the rule that a general verdict cannot stand when the case was tried and submitted on two theories, one bona fide and the other not. *Wells,* 437 N.E.2d at 1335; *Miller,* 417 N.E.2d at 343. Thus, retrials were mandated. *Id.* In the cases requiring remand, the juries did not receive instructions on the requisite sequence of prior felonies to meet the "unrelated" requirement. *See id; Phillips v. State* (1989), Ind., 541 N.E.2d 925, 926.

■ On the other hand, if a jury was properly instructed on the required sequence of the prior felonies and could have found the defendant to be an habitual offender based upon the eligible prior felonies, no retrial was necessary. ·*Chanley v. State* (1991), Ind., 583 N.E.2d 126, 131; *Richards v. State* (1989), Ind., 535 N.E.2d 549, 551; and, *Kindred v. State* (1989), Ind., 540 N.E.2d 1161, 1184. When the jury received proper instructions, we presume its habitual offender determination was not improperly based upon related convictions.

■ We find the present case to be similar to the latter cases. Brown concedes that the jury was instructed eight times that it must find two prior unrelated felony convictions to support an habitual offender finding. The jury was twice instructed of the required sequence: "After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction a person has accumulated two prior, unrelated felony convictions." Record at 150 and 157. A general verdict was rendered after a proper instruction on the required sequence. Because the jury could have found Brown to be an habitual offender by pairing # 2 with either # 3 or # 4, the habitual offender finding remains amply supported. Brown has not established fundamental error.

### III. Ineffective Assistance of Counsel

■ Brown argued that his trial/appellate counsel rendered deficient performance for failing to raise the double jeopardy and ha-

bitual offender issues. As discussed above, Brown failed to show any error; therefore, we affirm the post-conviction court's denial of his claim of ineffective assistance of counsel. *See Burris v. State* (1990), Ind., 558 N.E.2d 1067, 1072 (must show error outside range of professional competence to succeed on claim of ineffectiveness).

### *IV. Conclusion*

Brown has failed to show a double jeopardy violation by the elevation of both of his sentences because he was armed with a deadly weapon. Despite the relatedness of some of the prior felonies, the jury was properly instructed on the requisite sequence and sufficient evidence supported the habitual offender finding in compliance with the unrelatedness requirement. Thus, no fundamental error occurred. Likewise, trial/appellate counsel was not ineffective for failing to assert these double jeopardy and habitual offender allegations.

Judgment affirmed.

ROBERTSON and KIRSCH, JJ., concur.