**Allenn G. PETERSON, Appellant–Petitioner**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 45A03–9410–PC–377.

Court of Appeals of Indiana.

May 24, 1995.

Susan K. Carpenter, Public Defender, Kimberly J. Speer, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

GARRARD, Judge.

Peterson appeals from the denial of post conviction relief. A jury convicted him of the murder of one victim and the armed robbery and armed rape of another. The evidence disclosed that he was armed with a knife when he raped and then robbed the mother of the murder victim. His appeal asserts that double jeopardy prevents the robbery and rape from both being enhanced based upon his possession of a single deadly weapon during the commission of those offenses, and that he received ineffective assistance of counsel because his attorney did not make that point at trial. We disagree.

With the exception of *Lyles v. State* (1991) Ind.App., 576 N.E.2d 1344 (Miller, J. dissenting) (trf.den.) our decisions have found no double jeopardy violation where two or more felonies committed in an episode are enhanced to a higher class because the defendant was armed with a [single] deadly weapon throughout the commission of the offenses. *See, e.g., Brown v. State* (1994) Ind. App., 633 N.E.2d 322 (trf.den.); *Barker v. State* (1993) Ind.App., 622 N.E.2d 1336; *Smith v. State* (1993) Ind.App., 611 N.E.2d 144 (trf.den.). Furthermore, as the concurring judge in *Lyles,* the author of this opinion is now persuaded that it was decided in error upon that point.

Peterson acknowledges these decisions but points to *Flowers v. State* (1985) Ind., 481 N.E.2d 100 and *Bevill v. State* (1985) Ind., 472 N.E.2d 1247 and their progeny which have determined that double jeopardy principles prohibit enhancing the class of separate felonies based upon a single injury (or death) inflicted during an episode of criminal activity. He points out that the "injury" and "deadly weapon" enhancements appear together in the various statutes. *See, e.g.,* IC 35–42–4–1 ("However, the offense is a Class A felony ... if it is committed while armed with a deadly weapon, or if it results in serious bodily injury....") He argues, in effect, that uniformity should apply and that it should extend the bar in the "injury" cases to the "armed with a deadly weapon" cases. We agree that uniformity of application is attractive, but it points in the other direction.

*Flowers* and *Bevill* stated that imposition of the class enhancement would violate the double jeopardy provisions of both the Fifth Amendment and Article 1, Section 14 of the Indiana Constitution.

In *United States v. Dixon* (1993) —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556, the Supreme Court overruled its decision in *Grady v. Corbin* (1990) 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 and determined that *Blockburger v. United States* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 should be restored as the test for double jeopardy and the "same conduct" additional test announced in *Grady* should be discarded. *Dixon* eliminates the Fifth Amendment grounds undergirding *Flowers* and *Bevill.* In *Jackson v. State* (1993) Ind., 625 N.E.2d 1219, 1222, our supreme court recognized the potential impact of *Dixon* but found it unnecessary to decide its effect in the case before it. In sum our supreme court may decide to overrule *Flowers* and *Bevill* on the basis of *Dixon* and the legislative intent to declare enhanced grades of offense where the defendant is either armed with a deadly weapon or commits serious bodily injury to someone, or the court may adhere to its current doctrine on the basis of the requirements of the Indiana constitution. It does not appear, however, that the court will or should extend the *Flowers* doctrine to the weapon cases as Peterson argues we should do.

Peterson was correctly sentenced. It thus also follows that his attorney did not breach his duty by failing to object to the sentences.

Affirmed.

STATON, J., concurs.

RILEY, J., concurs in result.