## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 18 2015, 9:07 am
CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Allenn Peterson
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Allenn Peterson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 18, 2015

Court of Appeals Case No.
45A03-1408-CR-304

Appeal from the Lake Superior Court
The Honorable Salvador Vazquez, Judge
The Honorable Natalie Bokota, Judge
Cause No. 45G01-8103-CR-034

**Friedlander, Judge.**

[1] Allenn Peterson appeals the denial of his pro se motion to correct erroneous sentence, claiming that the trial court lacked statutory authority to impose consecutive sentences.

[2] We affirm.

[3] On March 11, 1981, Peterson murdered Robert Watkins and then raped and robbed Watkins's mother when she arrived home later that evening. Peterson was subsequently convicted of murder, class A felony rape, and class B felony robbery. He was sentenced to forty-five years for murder, thirty-five years for rape, and thirty years for robbery. The sentences for murder and rape were ordered to be served consecutively. His convictions were upheld on direct appeal and post-conviction relief. *See Peterson v. State*, 453 N.E.2d 196 (Ind. 1983); *Peterson v. State*, 650 N.E.2d 339 (Ind. Ct. App. 1995).

[4] On August 4, 2014, Peterson filed a motion to correct erroneous sentence. The trial court promptly denied the motion, noting that the sentence was not erroneous on its face. Peterson now appeals.

[5] A motion to correct erroneous sentence derives from Ind. Code Ann. § 35-38-1-15 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015):

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Davis v. State*, 937 N.E.2d 8, 10 (Ind. Ct. App. 2010), *trans. denied*.

[6] "[A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). In other words, use of this statutory motion should be reserved for the correction of "obvious sentencing errors". *Id.* at 787 n.3. Claims that require consideration of matters outside the face of the sentencing judgment may not be addressed via this type of motion. *See, e.g.*, *Neff v. State*, 888 N.E.2d 1249 (Ind. 2008); *Robinson v. State*, 805 N.E.2d 783.

[7] In his motion, Peterson argued that the trial court lacked statutory authority to impose consecutive sentences "because [his] offenses all derived from a single episode of criminal conduct". *Appellant's Appendix* at 11. He cited Ind. Code Ann. § 35-50-1-2 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015) in support of his argument, which imposes an aggregate sentencing cap for felony convictions (except convictions for crimes of violence) arising out of an episode of criminal conduct.

[8] Peterson's motion lacks merit for several reasons. Most notably, because a determination of whether the crimes arose out of an episode of criminal conduct cannot be made without looking beyond the sentencing judgment[1] to the facts underlying each conviction, there is no facially apparent error in

---

[1] In fact, Peterson has not even included the sentencing judgment in the record. In light of the prior appeals, however, we were able to determine the sentence imposed.

Peterson's eighty-year sentence. The argument, therefore, may not be raised in a motion to correct sentence.

[9] Furthermore, the statutory provision upon which Peterson relies did not exist until 1994. *See Slone v. State*, 652 N.E.2d 552, 562 (Ind. Ct. App. 1995) (the episode of criminal conduct limitation is "part of a legislative amendment to the statute which was added in 1994 and which represents a previously nonexistent restraint upon a trial court's discretion when imposing consecutive sentences"), *trans. denied*. Even if it had existed in 1981, the statutory limitation has always been inapplicable to murder.

[10] Judgment affirmed.

Kirsch, J., and Crone, J., concur.