# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**APPELLANT PRO SE**

Cleverly Lockhart
New Castle, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cleverly Lockhart,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

May 12, 2015

Court of Appeals Case No. 33A04-1412-MI-602

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Cause No. 33C01-1410-MI-109

**Kirsch, Judge.**

[1] Cleverly Lockhart appeals the trial court's order dismissing his petition to be removed from the Indiana Sex Offender Registry. He raises the sole issue of whether the trial court erred in dismissing his petition on the basis that he failed to state a claim upon which relief may be granted.

We affirm.

## Facts and Procedural History

During the months of January through March 1994, Lockhart sexually abused an eleven-year-old boy. On June 28, 1994, Lockhart was charged with three counts of Class B felony child molesting and one count of Class C felony child molesting and was later convicted by a jury of all the counts. On direct appeal, his convictions were affirmed, but this court vacated his sentence and remanded for resentencing. On remand, the trial court sentenced Lockhart to fifty-three years executed, and this court affirmed the denial of Lockhart's subsequent motion to correct erroneous sentence. Lockhart is currently incarcerated in the New Castle Correctional Facility, and his earliest release date is July 21, 2021.

On July 1, 1994, the Indiana Sex Offender Registration Act ("SORA") went into effect. SORA requires individuals convicted of certain crimes to register as a sex or a violent offender and for their information to appear on the Indiana Sex Offender Registry, which is accessible on the Internet. In *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), our Supreme Court held that SORA violated the Ex Post Facto Clause of the Indiana Constitution as applied to a defendant who had committed his offenses, been convicted, and served his sentence prior to SORA becoming effective. *Id.* at 384.

[5] On June 17, 2014, Lockhart received a notice[1] from the Indiana Department of Correction ("DOC"), indicating the DOC's intent to forward Lockhart's "information to the appropriate authority so that [his] name and the accompanying information may be added to the State of Indiana Sex and Violent Offender Registry." *Appellant's App*. at 8. The notice also stated that Lockhart would be provided "additional information regarding your requirement to register with the local County Sheriff and other information regarding your obligations when your release documents are prepared and presented to you shortly before your release" from the DOC. *Id*.

[6] On June 20, 2014, Lockhart wrote a letter to the DOC in accordance with the administrative appeal procedure set out in the notice. In his letter, Lockhart argued that *Wallace* barred the DOC from requiring him to register. He later wrote to a Ms. Young at the DOC,[2] and on August 26, 2014, she responded as follows:

> You should only be required to serve two years on parole as long [as] you don't violate. The registry laws may change before you[r] release but as it stands now, you could be required to register unless you have a court order stating you were removed from the registry. Parole could still require you to register while on parole[.] [H]owever they usually don't for those people who have been removed [by] the courts.

*Id*. at 10.

---

[1] We observe that this notice received from Lockhart was not signed by a DOC staff member.

[2] It is unclear what position Ms. Young holds at the DOC, or whether she is a DOC official or employee of a contractor who provides services at the facility where Lockhart is being held.

[7] Lockhart filed a "Verified Petition to Remove Defendant From Indiana's Sex Offender Registry" pursuant to Indiana Code section 11-8-8-22 and relying on *Wallace*. *Id*. at 1-2. At the time the petition was filed, Lockhart did not appear on the Indiana Sex Offender Registry, and the State requested the trial court to take judicial notice of that fact. The State filed a motion to dismiss Lockhart's petition for failure to state a claim on which relief may be granted pursuant to Indiana Trial Rule 12(B)(6) and contended that the trial court could not grant Lockhart's requested relief because his name did not appear on the Sex Offender Registry. The trial court granted the State's motion to dismiss, stating that, because Lockhart did not appear on the Sex Offender Registry, "he cannot be granted removal from the Registry or relief from any registration obligations and the State of Indiana is not imposing any *ex post facto* punishment on him." *Id*. at 24.

[8] After the trial court's order was issued, Lockhart filed a response to the State's motion to dismiss that the trial court treated as a motion to reconsider. In it, Lockhart acknowledged that his name did not appear on the registry, but claimed his petition was ripe for determination because of the notice he received from the DOC that it intended to provide his information to the Sex Offender Registry. The trial court denied this motion. Lockhart now appeals.

## Discussion and Decision

[9] Lockhart appeals the trial court's grant of the State's motion to dismiss his petition under Indiana Trial Rule 12(B)(6). We review the trial court's grant or denial of such a motion to dismiss pursuant to Trial Rule 12(B)(6) de novo.

*Snyder v. Town of Yorktown*, 20 N.E.3d 545, 550 (Ind. Ct. App. 2014) (citing *Caesars Riverboat Casino, LLC v. Kephart,* 934 N.E.2d 1120, 1122 (Ind. 2010)), *trans. denied*. A motion to dismiss under Trial Rule 12(B)(6) "'tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief.'" *Veolia Water Indpls., LLC v. Nat'l Trust Ins. Co.,* 3 N.E.3d 1, 4 (Ind. 2014) (quoting *Trail v. Boys & Girls Clubs of Nw. Ind.,* 845 N.E.2d 130, 134 (Ind. 2006)), *clarified on reh'g,* 12 N.E.3d 240. When evaluating the trial court's grant or denial of a Trial Rule 12(B)(6) motion, we accept as true the facts alleged in the complaint, and only consider the pleadings in the light most favorable to the plaintiff and draw every reasonable inference in favor of the non-moving party. *Snyder*, 20 N.E.3d at 550. We will affirm a dismissal under Trial Rule 12(B)(6) only if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id*. (citing *LBM Realty, LLC v. Mannia,* 981 N.E.2d 569, 577 (Ind. Ct. App. 2012)).

[10] Lockhart argues that the trial court erred in dismissing his petition to remove his name from the Sex Offender Registry. He contends that, at the time he was notified of the State's intention to provide his information to the Sex Offender Registry, he was subject to ex post facto punishment due to the fact that his criminal offenses were committed prior to SORA becoming effective. He alleges that requiring him to register imposes retroactive punishment when his crimes were committed before SORA required registration.

[11]     Lockhart filed his petition to remove his name from the Sex Offender Registry pursuant to Indiana Code section 11-8-8-22, which provides the procedure by which a person who has been designated a sex offender may petition the trial court to remove the person's designation as a sex offender and order the removal of all information from the Sex Offender Registry or to require the person to register under less restrictive conditions. Ind. Code § 11-8-8-22(c). The statute states that the petition may be based on a claim that the registration requirement constitutes ex post facto punishment. I.C. § 11-8-8-22(j). Under its plain language, Indiana Code section 11-8-8-22 provides the procedures for removal from the Sex Offender Registry to those individuals who have already been designated as sex offenders and have been required to register as such. I.C. § 11-8-8-22(b), (c). At the time that Lockhart filed his petition, his name did not appear on the Sex Offender Registry, nor did he even allege that it did.

[12]     Lockhart alleges that the State imposed ex post facto punishment on him when it sent him notice that it intended, in the future, shortly before his release from incarceration, which was still at least six years away, to require him to register as a sex offender. At the time he filed his petition, no registration requirement was presently being imposed on him, nor would such a registration requirement be imposed in the immediate future. Thus, when Lockhart filed his petition to remove his name from the Sex Offender Registry, he was not subject to any ex post facto punishment. As Lockhart's petition sought only that his name be removed from the Sex Offender Registry and not declaratory or injunctive relief preventing the DOC from requiring him to register in the future, his petition

does not on its face state a claim for relief under Indiana Code section 11-8-8-22.  We, therefore, conclude that the trial court did not err in dismissing Lockhart's petition pursuant to Trial Rule 12(B)(6) for failure to state a claim upon which relief may be granted.

[13]  Affirmed.

[14]  Vaidik, C.J., and Bradford, J., concur.