

FILED

Aug 22 2016, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nathaniel J. Heber
Atlanta, Georgia

ATTORNEY FOR APPELLEES

Pamela G. Schneeman
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Heber,

*Appellant-Plaintiff,*

v.

Indianapolis Metropolitan Police Department, and City of Indianapolis Office of Corporation Counsel,

*Appellees-Defendants.*

August 22, 2016

Court of Appeals Cause No.
49A02-1603-PL-549

Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No.
49D13-1601-PL-158

**Barnes, Judge.**

## Case Summary

[1]     David Heber appeals the trial court's dismissal of his complaint against the Indianapolis Metropolitan Police Department ("IMPD") and the Office of Corporation Counsel of the City of Indianapolis ("OCC") (collectively "the Appellees").  We reverse and remand.

## Issue

The sole restated issue is whether the trial court properly concluded that the Appellees could not be sued under the Indiana Access to Public Records Act ("APRA").

## Facts

The facts as alleged in Heber's complaint are that, on May 16, 2015, Heber and another individual were robbed at gunpoint in Indianapolis. IMPD investigated the case, which resulted in charges being filed against an individual six days later. Heber requested and received from IMPD a copy of the Incident Report for the robbery generated on May 16, 2015.

On June 26, 2015, Heber filed a request with IMPD and the OCC for records related to the robbery aside from the initial Incident Report, pursuant to the APRA. The OCC's public access counselor, Samantha DeWester, denied this request, stating that Heber had failed to specify which records he was seeking with reasonable particularity. On July 15, 2015, Heber filed a second, more detailed request for records related to the robbery. DeWester denied this second request, again on the basis that it lacked reasonable particularity.

On August 2, 2015, Heber filed a complaint with the Indiana Public Access Counselor, Luke Britt, with respect to the Appellees' failure to provide him with the requested records. On September 15, 2015, Britt filed an advisory opinion stating his belief that the Appellees violated the APRA by not timely responding to the June 26, 2015 records request and that they were not justified

in denying either request on the basis of an alleged lack of reasonable particularity.[1] After issuance of this advisory opinion, the Appellees did not provide the requested records to Heber.

On December 26, 2015, Heber filed a complaint in the trial court against the Appellees, seeking release of the requested records, along with an award of reasonable costs, attorney fees, and civil penalties. On January 19, 2016, the Appellees filed a motion to dismiss Heber's complaint. The motion alleged solely that the Appellees were not entities that could be sued under the APRA. The trial court granted the motion to dismiss. Heber now appeals.

## Analysis

The Appellees' motion to dismiss alleged that Heber's complaint failed to state a claim upon which relief could be granted, pursuant to Indiana Trial Rule 12(B)(6). We review a trial court's grant of such a motion de novo. *Lockhart v. State*, 38 N.E.3d 215, 217 (Ind. Ct. App. 2015). We accept as true the facts alleged in a complaint when assessing a ruling on a motion to dismiss, considering the pleadings in a light most favorable to the plaintiff and drawing every reasonable inference in favor of the plaintiff. *Id.* We will affirm dismissal

---

[1] The advisory opinion noted that the records sought by Heber could fall under an exception for law enforcement investigatory records under the APRA, but if they did so, IMPD and the OCC should have so claimed in its denials of Heber's requests.

of a complaint under Trial Rule 12(B)(6) only if the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

[8] The Appellees have not filed a brief. Instead, they have filed a "stipulation" conceding that the granting of the motion to dismiss should be reversed, in light of our holding in *Lane-El v. Spears*, 13 N.E.3d 859 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*. In that case, we squarely held that the Indianapolis Police Department, the predecessor to IMPD, was a "public agency" properly subject to suit under the APRA for violations of that act. *Lane-El*, 13 N.E.3d at 866. Specifically, the APRA includes within its definition of "public agency" "[a]ny law enforcement agency . . . ." Ind. Code § 5-14-3-2(q)(6); *see also Lane-El*, 13 N.E.3d at 866. Furthermore, a "public agency" includes any "county, township, school corporation, city, or town, or any board, commission, department, division, bureau, committee, office, instrumentality, or authority of any county, township, school corporation, city, or town . . . ." I.C. § 5-14-3-2(q)(2)(A); *see also Lane-El*, 13 N.E.3d at 866 n.3. The OCC falls under this definition.

[9] The Appellees failed to disclose *Lane-El* in its legal memorandum to the trial court accompanying its motion to dismiss. There is no contrary authority regarding the propriety of suing entities such as the Appellees under the APRA. The decisions of this court are binding upon trial courts. *See Lincoln Utilities, Inc. v. Office of Util. Consumer Counselor*, 661 N.E.2d 562, 565 (Ind. Ct. App. 1996), *trans. denied*. The United States Supreme Court denied certiorari in *Lane-El* on April 27, 2015. Thus, the case was final for nearly eight months before

the Appellees filed their motion to dismiss, which claimed solely, and contrary to *Lane-El*, that they could not be sued under the APRA. It is clear, as the Appellees have stipulated, that the granting of the motion to dismiss must be reversed and this case remanded for further proceedings.

[10] Whether Heber ultimately will be successful in proving the Appellees violated the APRA remains to be seen. However, the Appellees' motion to dismiss, which failed to cite controlling contrary authority, and the erroneous granting of that motion have necessitated expense and significant delay in resolution of the case. Under Indiana Appellate Rule 67, this court may sua sponte award appellate attorney fees to a prevailing party if an appeal "is 'permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'" *In re Walter Penner Trust*, 22 N.E.3d 593, 602 (Ind. Ct. App. 2014) (quoting *GEICO v. Rowell*, 705 N.E.2d 476, 483 n.12 (Ind. Ct. App. 1999)), *trans. denied*. Although we commend the Appellees for now conceding that the motion to dismiss must be reversed, the fact remains that the motion was granted and Heber had to pursue this appeal because of a wholly meritless and possibly frivolous argument by the Appellees. As such, we conclude that an award of appellate attorney fees to Heber is appropriate. We remand for the trial court to calculate an appropriate amount for such an award.[2]

---

[2] Appellate Rule 67(C) provides in part, "Costs against any governmental organization, its officers and agencies, shall be imposed only to the extent permitted by law." Indiana Code Section 5-14-3-9(i) provides that a court "shall" award attorney fees to a plaintiff who substantially prevails in an APRA lawsuit if the plaintiff first sought and received an advisory opinion from the public access counselor before filing suit. Although it is unclear yet whether Heber will substantially prevail on the merits of his APRA claim, we

# Conclusion

We reverse the granting of the Appellees' motion to dismiss and remand for further proceedings consistent with this opinion. Additionally, we remand for the trial court to calculate an appropriate amount of appellate attorney fees that Heber is entitled to collect from the Appellees.

Reversed and remanded.

Riley, J., and Bailey, J., concur.

---

conclude it is wholly consistent with this statutory provision, as well as the overarching purposes of the APRA, to require the Appellees to pay Heber's attorney fees for this appeal.