## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2018, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Allenn Peterson
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Allenn Peterson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 30, 2018

Court of Appeals Case No.
33A01-1708-MI-1773

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1702-MI-17

**Pyle, Judge.**

# Statement of the Case

Allenn Peterson, pro se, appeals the trial court's order granting the State's Trial Rule 12(B)(6) motion to dismiss Peterson's petition, filed pursuant to the Indiana Sex Offender Registration Act ("SORA"), in which he requested the trial court to remove his designation as a sex offender. Peterson, however, had previously filed a petition under SORA and had been granted relief by the trial court when it had ordered that Peterson was not required to be designated as a sex offender under SORA or to register on the online sex offender registry. Concluding that Peterson's petition failed to state a claim upon which relief could be granted, we affirm the trial court's order.

We affirm.

# Issue

Whether the trial court abused its discretion by granting the State's motion to dismiss Peterson's petition to remove his designation as a sex offender.

# Facts[1]

We previously set out the facts of Peterson's crimes and subsequent procedural history in a recent memorandum decision as follows:

> On March 11, 1981, Peterson murdered Robert Watkins and then raped and robbed Watkins's mother when she arrived home

---

[1] Contrary to Appellate Rule 50, Peterson has included in his Appellant's Appendix some documents that where not part of the record below in this cause of action.

later that evening. Peterson was subsequently convicted of murder, class A felony rape, and class B felony robbery. He was sentenced to forty-five years for murder, thirty-five years for rape, and thirty years for robbery. The sentences for murder and rape were ordered to be served consecutively. His convictions were upheld on direct appeal and post-conviction relief. *See Peterson v. State*, 453 N.E.2d 196 (Ind. 1983); *Peterson v. State*, 650 N.E.2d 339 (Ind. Ct. App. 1995).

*Peterson v. State*, No. 45A03-1408-CR-304, *1 (Ind. Ct. App. Mar. 18, 2015). Peterson is currently incarcerated and serving his sentence on his rape conviction. His earliest projected release date is April 8, 2020.

[4] In 1994, the legislature passed the SORA, which required defendants convicted of certain sex crimes to register as "sex offender[s]." *Wallace v. State*, 905 N.E.2d 371, 375 (Ind. 2009) (internal quotation marks and citation omitted) *reh'g denied*. SORA included registration and notification provisions and initially applied to eight crimes. *Id.* Since that time, SORA has been amended several times and "has expanded in both breadth and scope." *Id.*

[5] Generally, SORA now requires that defendants who are convicted of certain enumerated offenses, including rape and murder, to register as a "sex or violent offender" and for their identity to appear on the Indiana Sex and Violent Offender Registry ("the sex offender registry"), which is accessible to the public via the Internet. *See* IND. CODE §§ 11-8-8-4.5, 11-8-8-5. Pursuant to INDIANA

CODE § 11-8-2-12.4(a), the Indiana Department of Correction ("DOC") is charged with maintaining the online sex offender registry.[2]

[6]  In 2007, the legislature added INDIANA CODE § 11-8-8-22 to SORA. This subsection set forth a general procedure for a person, who was required to register as a sex or violent offender, to petition the trial court to either remove the person's designation as an offender or to allow the person to register under less restrictive conditions. *See* P.L. 216-2007, § 30 (effective July 1, 2007); I.C. § 11-8-8-22(c).

[7]  In 2009, in *Wallace*, our supreme court held that SORA—as applied to the defendant who had committed his offense before SORA had been enacted—violated the *ex post facto* provision of the Indiana Constitution "because it impose[d] burdens that ha[d] the effect of adding punishment beyond that which could have been imposed when his crime was committed." *Wallace*, 905 N.E.2d at 384. Thereafter, in 2010, the legislature amended INDIANA CODE § 11-8-8-22, adding further provisions setting forth the appropriate procedure for an offender to use when filing a petition to remove his SORA offender designation. *See* P.L. 103-2010, § 2 (effective March 24, 2010). The amendment also included an explicit provision that an offender could base his petition on a claim that the registration requirements of SORA constituted *ex post facto* punishment. *See* I.C. § 11-8-8-22(j).

_____

[2] The sex offender registry website was established, pursuant to INDIANA CODE § 36-2-13-5-5, in 2003.

[8] In 2011, Peterson filed, pursuant to INDIANA CODE § 11-8-8-22 and *Wallace*, a petition ("First SORA Petition) requesting the trial court to remove any designation as a sex offender and to relieve him of the requirement to register as a sex offender for his 1981 convictions. On August 12, 2011, the trial court issued an order ("August 2011 Order") granting Peterson's request for relief on his First SORA Petition. The trial court ordered that Peterson was not required to register as a sex offender under SORA for his crimes committed prior to 1994. The trial court, however, specified that its order did not relieve Peterson of any future obligation to register under requirements of the Indiana Parole Board or under federal law.

[9] In 2013, the legislature again amended INDIANA CODE § 11-8-8-22. In relevant part, it amended subsection (c)(1), which had previously provided that "[a] person to whom this section applies may petition a court to . . . remove the person's designation as an offender[.]" The amendment provided that when an offender petitioned the trial court to remove his designation as an offender, the offender could also seek to have the trial court "order the department to remove all information regarding the person from the public portal of the sex and violent offender registry Internet web site established under IC § 36-2-13-5.5[.]" *See* P.L. 214-2013, § 13 (effective July 1, 2013); I.C. § 11-8-8-22(c)(1).

[10] In March 2017, Peterson, pro se, filed with the trial court another petition to remove the designation of sex offender ("Second SORA Petition). He specifically stated that he was filing the petition pursuant to INDIANA CODE § 11-8-8-22(c)(1). Peterson had apparently learned that, due to his rape

conviction, he remained designated as a sex offender within the DOC for purposes of its internal programs, such as the Sex Offender Management and Monitoring ("SOMM") program.[3] In his petition, Peterson argued that the DOC was violating the trial court's August 2011 Order by continuing to designate him as a sex offender, and he asserted that the trial court should find this noncompliance to be a contempt of court. He referenced INDIANA CODE § 11-8-8-22(j) and *Wallace* in support of his argument that he could raise a claim that the registration requirement constituted an *ex post facto* punishment in violation of Article 1, § 24 of the Indiana Constitution, and he requested the trial court to remove his designation as a sex offender.

[11] Thereafter, the State filed a motion to dismiss, arguing that, under Trial Rule 12(B)(6), Peterson had failed to state a claim upon which relief could be granted. The State pointed out, and asked the trial court to take judicial notice, that Peterson was not listed on the online sex offender registry. The State asserted that Peterson's request that his sex offender designation be removed was a request that could not be granted because he had already been granted relief in his First SORA Petition.

---

[3] In *Bleeke v. Lemmon,* 6 N.E.3d 907, 940 (Ind. 2014), our Indiana Supreme Court discussed the SOMM Program, explained that it "is a valuable tool aimed at the legitimate purpose of rehabilitating sex offenders before they are fully released from State control," and held that "its requirements do not violate the Fifth Amendment's privilege against self-incrimination."

[12] In Peterson's response, he somewhat changed the focus of his argument away from registration under the sex offender registry to potential future implications involving his designation as a sex offender within the DOC. He argued that his designation as a sex offender "would" subject him to the "threat of future prosecution and punishment" and require him to participate in the DOC's SOMM program. (State's App. Vol. 2 at 17). He asserted that the SOMM program's requirements "would violate [his] Fifth Amendment right" and "would subject [him] to additional punishment if forced to confess to the offenses not documented or prosecuted." (State's App. Vol. 2 at 17).

[13] In July 2017, the trial court issued an order, granting the State's motion to dismiss Peterson's Second SORA Petition. The trial court's order provided, in relevant part:

> [Peterson] does not appear on the Indiana Sex and Violent Offender Registry. Therefore, he cannot be granted removal from the Registry or relief from any registration obligations and the State of Indiana is not imposing any *ex post facto* punishment on him. [Peterson] has failed to state a claim upon which relief may be granted.

(State's App. Vol. 2 at 6). Peterson now appeals.

## Decision

[14] Peterson appeals the trial court's order granting the State's Trial Rule 12(B)(6) motion to dismiss Peterson's Second SORA petition to remove his designation as a sex offender.

> The standard of review for the dismissal of a claim granted pursuant to Trial Rule 12(B)(6) is *de novo,* requiring no deference to the trial court's decision. A motion to dismiss based on Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts upon which the trial court could have granted relief. In determining whether any facts will support the claim, we may look only to the complaint and the reasonable inferences to be drawn therefrom, and we may not rely upon any other evidence in the record. If a complaint states a set of facts which, even if true, would not support the relief requested therein, we will affirm the dismissal. Furthermore, we may affirm the trial court's grant of a motion to dismiss if it is sustainable upon any theory.

*Weiss v. Indiana Parole Bd.*, 838 N.E.2d 1048, 1050 (Ind. Ct. App. 2005) (internal citations omitted), *trans. denied*.

[15] At the outset, we note that Peterson has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.* "We will not become a party's advocate, nor will we address arguments that are inappropriate, improperly expressed, or too poorly developed to be understood." *Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied*.

[16] Peterson argues that the trial court erred by dismissing his Second SORA Petition, in which he sought relief based on INDIANA CODE § 11-8-8-22(c)(1). This particular subsection provides, in relevant part, that a person may petition a trial court to "remove the person's designation as an offender and order the department to remove all information regarding the person from the public portal of the sex and violent offender registry Internet web site established under IC § 36-2-13-5.5[.]"  I.C. § 11-8-8-22(c)(1).

[17] On appeal, Peterson acknowledges that he has already received the relief set forth in INDIANA CODE § 11-8-8-22(c)(1) when the trial court issued its August 2011 Order from his First SORA Petition.  Specifically, he acknowledges that he is not required to register as a sex offender on the sex offender registry and that the DOC had removed all information about him from the online sex offender registry.

[18] Peterson, however, contends that INDIANA CODE § 11-8-8-22(c)(1) provided a mechanism for him to petition the trial court to order the DOC to remove its internal designation of him as a sex offender and to challenge the future requirements that may be required with his participation in the SOMM program.  He also contends that the DOC's sex offender designation could subject him to "a threat of future prosecution and punishment" and that his required participation in the SOMM program will constitute *ex post facto* punishment. (Peterson's Br. 8).

[19]     Aside from the facts that Peterson's arguments about the SOMM program are not contained on the face of his Second SORA Petition and his arguments about potential future events do not appear ripe for review,[4] Peterson cannot use the SORA statutory procedure in INDIANA CODE § 11-8-8-22 as a means to challenge the DOC's internal designation or the SOMM program. INDIANA CODE § 11-8-8-22 sets forth the procedure for an offender to challenge his status under SORA and to seek removal of all information from the online sex offender registry.[5] *See Lockhart v. State*, 38 N.E.3d 215, 217 (Ind. Ct. App. 2015). *See also Gonzalez v. State*, 980 N.E.2d 312, 321 (Ind. 2013) (explaining that "Indiana Code Section 11-8-8-22 may be utilized only when there is an ameliorative change in federal or state law applicable to an offender's prior conduct, Ind. Code § 11-8-8-22(b), (g), or when an offender files an ex post facto claim, Ind. Code § 11-8-8-22(j)"). INDIANA CODE § 11-8-8-22 does not provide a means to challenge the DOC's internal procedures or its programs utilized as part of a defendant's future parole.[6]

---

[4] "Ripeness relates to the degree to which the defined issues in a case are based on actual facts[,] rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Dixon v. Indiana Dep't of Correction*, 56 N.E.3d 47, 52 (Ind. Ct. App. 2016) (internal quotation marks and citation omitted).

[5] An offender can also use INDIANA CODE § 11-8-8-22 when seeking to "register under less restrictive conditions." I.C. § 11-8-8-22(c)(2).

[6] Moreover, we have already held that participation in the SOMM program does not violate the *ex post facto* clause. *See Patrick v. Butts*, 12 N.E.3d 270, 271-72 (Ind. Ct. App. 2014) (rejecting a defendant's contention that *Wallace* applied to the defendant's participation in the SOMM program and explaining that "the Parole Board's authority to impose conditions on parole [such as the SOMM program] is not limited by the date on which the program was created, but rather is limited by the program's ability to reintegrate the parolee into society").

Here, at the time Peterson filed his Second SORA Petition, in which he sought relief based on INDIANA CODE § 11-8-8-22(c)(1), he was not required to register as a sex offender on the sex offender registry and he was not listed on the online sex offender registry. Because Peterson's Second SORA petition failed to state a claim upon which relief could be granted, we affirm the trial court's order granting the State's motion to dismiss Peterson's petition. *See, e.g.*, *Lockhart*, 38 N.E.3d at 218 (holding that a defendant—who had filed, pursuant to INDIANA CODE § 11-8-8-22, a petition to be removed from the sex offender registry and whose name did not appear on the registry at the time he had filed the petition—had failed to state a claim for which relief could be granted and affirming the trial court's order dismissing the petition under Trial Rule 12(B)(6)).

Affirmed.

Vaidik, C.J., and Barnes, Sr.J., concur.