

**ATTORNEY FOR APPELLANT**

Erin L. Berger
Evansville, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of: M.W., a Child Alleged to be in Need of Services, | June 19, 2019 |
| | Court of Appeals Case No. 18A-JC-2452 |
| S.R. (Mother), | |
| *Appellant-Respondent,* | Appeal from the Vanderburgh Superior Court |
| v. | The Honorable Brett J. Niemeier, Judge |
| Indiana Department of Child Services, | The Honorable Renee A. Ferguson, Magistrate |
| *Appellee-Petitioner* | Trial Court Cause No. 82D04-1807-JC-1414 |

**Vaidik, Chief Judge.**

# Case Summary

S.R. ("Mother") appeals the trial court's placement of M.W. ("Child") after it found that Child is a child in need of services (CHINS). Because Child has since been placed with Mother and the CHINS case closed, we dismiss this appeal as moot.

# Facts and Procedural History

Child was born to Mother and Me.W. ("Father") (collectively, "Parents") in 2003. At some point Parents split up and Father was granted custody of Child. In July 2018, Father and fifteen-year-old Child lived in Evansville with a woman named A.W., who had been named a legal custodian of Child, and Mother lived in Chicago. On July 23, the Department of Child Services (DCS) removed Child and filed a CHINS petition alleging that Father was abusing substances and told DCS workers that he no longer wants Child in his house. At the initial hearing, Father denied the allegations. Mother appeared by phone and asked if she could come get Child. Judge Pro Tem Jillian Reed said that to do that Mother would need to file a petition to modify custody or would need to undergo an investigation under the Interstate Compact on the Placement of Children (ICPC), which provides a way to send children to new homes across state lines and allows the receiving state to investigate whether a child can be placed in a proposed home. *See Bester v. Lake Cty. Office of Family and Children*, 839 N.E.2d 143, 145 n.2 (Ind. 2005). After Judge Reed explained Mother's options, the following colloquy occurred:

| | |
|---|---|
| THE COURT: | Do you have any objection to [Child] being found to be a child in need of services? |
| [MOTHER]: | Yeah, [Child] still needs (indiscernible). And I think that [Child] shouldn't be abused in any kinda way or form. [Child is] a little kid. |
| THE COURT: | So you don't – |
| [MOTHER]: | Yeah, [Child] will need services. |
| THE COURT: | So you don't have any objection to [Child] receiving services and being removed from [Father]? |
| [MOTHER]: | (Indiscernible) immediately. (Indiscernible). |

Tr. p. 16. Judge Reed set a fact-finding hearing for August 21 and told Mother that "because you're the non-offending parent you are not ordered to appear. It is discretionary for you to be there." *Id*. at 17. Mother did not appear for the fact-finding hearing, and Magistrate Renee A. Ferguson heard evidence against Father and adjudicated Child a CHINS.

[3] On September 18, Magistrate Ferguson held a dispositional hearing, and Mother appeared by phone. She was also represented by counsel, who asked the court "to reconsider the finding of probable cause as to Mother, dismiss the CHINS case, and place [Child] in Illinois with Mother." *Id*. at 24. Mother's attorney argued that there is "current case law in Indiana that says that an ICPC's not necessary when we're dealing with a biological parent, which is the

case that we have here." *Id.* at 24-25. Magistrate Ferguson asked DCS if there were any allegations against Mother in the CHINS petition, and DCS responded, "No." *Id.* at 25. Magistrate Ferguson denied placement of Child with Mother without further investigation, specifically, undergoing the ICPC process, explaining:

> The Court is well aware of the Appellate Court's position on an ICPC and respectfully disagrees with their position. If you read 31-28-4-1, the enactment of the compact, it – in article 1 purpose and policy – clearly states that what the purpose of this is. It states clearly – you know, it defines sending agency, receiving agency. Placement it clearly defines. Conditions of placement, article 3, subsection d, "A child shall not be sent, brought, or cause to be sent or brought into a receiving State until appropriate public authorities in the receiving State shall notify the sending agency in writing to the effect that the proposed placement does not appear to be contrary to the interest of the child."
>
> And we go on further in article 10 of ICPC construction and severability, "provisions of this compact shall be liberally construed to effect the compact's purposes." And as previously stated, the purpose of the compact is not just to have a child go to an approved party or biological party, but also to effect the best interest of the child. The Court has no way of knowing what the best interests of a child are given that it does not know the background of the person receiving the child. So therefore I will order that the Vanderburgh County Department of Child Services conduct an interstate placement of compact [sic] review with the Mother in the State of Illinois.

*Id.* at 25-26. Magistrate Ferguson awarded wardship of Child to DCS and placed Child in an independent-living program. Vanderburgh Superior Court

Judge Brett J. Niemeier then issued a written order confirming Magistrate Ferguson's decision.

[4] In October 2018, Mother filed her appeal. In March 2019, after Mother filed her appellate brief, DCS filed with the trial court a motion to terminate its wardship of Child, explaining that Mother had completed the ICPC process and that Child was placed with her. The trial court granted the motion, ordering DCS's wardship of Child terminated and the CHINS case closed. *See* Order on Wardship Termination, Cause No. 82D04-1807-JC-1414 (Mar. 5, 2019).

# Discussion and Decision

[5] On appeal, Mother asks us to do two things: (1) set aside the CHINS adjudication and (2) place Child with her. As to the first request, Mother is precluded from asserting that there is insufficient evidence to support the CHINS adjudication when, at the initial hearing, she agreed that Child "will need services." Tr. p. 16; *see Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 237 (Ind. Ct. App. 1998) ("judicial estoppel prevents a party from asserting a position in a legal proceeding inconsistent with one previously asserted"), *trans. denied*. Moreover, without Child being adjudicated a CHINS, the trial court could not order the placement Mother sought. That is, Mother wanted Child to be placed with her, but the trial court could not have done so without first adjudicating Child a CHINS.

[6]     Mother's real argument is that the "trial court erred in requiring an approved ICPC prior to placing [Child] with [Mother]." Appellant's Br. p. 18. DCS agrees. *See* Appellee's Br. p. 22. We do as well. This Court has made clear that the ICPC does not apply to placement with an out-of-state parent. *In re B.L.P.*, 91 N.E.3d 625, 630 (Ind. Ct. App. 2018) ("we hold as plainly and unambiguously as possible: unless and until the statute is amended, the ICPC does not apply to placement with an out-of-state parent."); *see also In re D.B.*, 43 N.E.3d 599, 604 (Ind. Ct. App. 2015), *trans. denied*. Here, Magistrate Ferguson said, "The Court is well aware of the Appellate Court's position on an ICPC and respectfully disagrees with their position." Tr. p. 25. Then, Judge Niemeier issued an order signing off on her decision.

[7]     The decisions of this Court are binding upon trial courts. *Heber v. Indianapolis Metro. Police Dept.*, 58 N.E.3d 995, 997 (Ind. Ct. App. 2016). We caution Magistrate Ferguson and Judge Niemeier that the Indiana Code of Judicial Conduct requires judicial officers to uphold the law. *See* Ind. Judicial Conduct Rule 1.1. Vertical stare decisis requires judicial officers to follow this Court's opinions despite their own personal opinions otherwise. *See In re C.F.*, 911 N.E.2d 657, 658 (Ind. Ct. App. 2009) ("vertical stare decisis is an obligation to follow the decisions of superior tribunals").

[8]     That said, Mother completed the ICPC, Child is placed with her, and the CHINS case is closed. Since Mother has already gotten what she asks for on appeal, this Court cannot provide effective relief upon the issue. *See Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991) ("a case is deemed moot when no

effective relief can be rendered as to the parties before the court"). Therefore, Mother's appeal is dismissed as moot.

[9] Dismissed.

Kirsch, J., and Altice, J., concur.